## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

OTTO DENTAL SUPPLY                                                      PLAINTIFF

VS.                                    4:06-CV-01610-WRW

KERR CORPORATION *et al.*                                              DEFENDANTS

## ORDER

There is some confusion surrounding the February 13, 2008, Order (Doc. No. 73), which

denied Defendants' Motion for Summary Judgment in its entirety. This confusion was brought to

my attention in a series of letters submitted by the parties in this case.[1]

Defendants contend that the February 13, 2008, Order did not rule on Subsection "D" of

Defendants' Brief in Support of its Motion for Summary Judgment.[2] That section discusses treble

and punitive damages. Plaintiff contends that "[t]hese issues were thoroughly briefed in the

parties' motions submitted to the Court as a part of Kerr's Motion for Summary Judgment."[3] I

agree with Plaintiff's position. Even though I did not address it specifically in the February 13,

2008, Order, I denied Defendants' specific arguments on treble and punitive damages when I

denied the entire motion.

---

[1]Exhibits A, B, C, D (attached to this Order).

[2]Doc. No. 20.

[3]Ex. C.

In an August 29, 2008 letter,[4] Defendants supplemented their dismissal of treble and punitive damages argument by citing a recent decision from the Eastern District of Arkansas.[5] In that case, Judge J. Leon Holmes granted a Rule 12(b)(6) motion to dismiss on claims arising under the Arkansas Franchise Practices Act ("AFPA").[6] The alleged misrepresentation in *Hobbs* was predicated solely on the future relationship of the parties, and the plaintiff failed to allege "that the person who made the future representation knew that the representation was false or that he intended to deceive. . . ."[7]

*Hobbs* does not support Defendants' position and is distinguishable from this case. In paragraph 42 of its Amended Complaint,[8] Plaintiff alleges that Defendant, in connection with the termination, knowingly made untrue statements and omitted material facts in violation of AFPA. Plaintiff's claim does not relate solely to future events, because the timing of the events referenced in paragraph 42 is "*in connection with* the termination, transfer and assignment of Plaintiff's rights. . . ."[9] In addition, Plaintiff contends that Defendant Kerr "knowingly" made these alleged misrepresentations. Therefore, it appears that Plaintiff's claims for treble (paragraph 42) and punitive (paragraph 43) damages are adequately pled under Arkansas law. As Plaintiff points out, there is a fact issue as to: (1) "whether Kerr made fraudulent representations

---

[4]Exhibit B.

[5]See *Larry Hobbs Farm Equipment, Inc., d/b/a Hobbs Farm Implement and Hobbs Farm Equipment v. CNH America, LLC,* No. 2:08-CV-00049-JLH, 2008 WL 3931323 (E.D. Ark. Aug. 22, 2008).

[6]*Id.*

[7]*Id.* at *8.

[8]Doc. No. 10.

[9]*Id.* (emphasis added).

to Otto during this four-month time period regarding the basis for Otto's termination, and the transfer and assignment of Otto's distributorship rights;"[10] and (2) "whether Kerr knew these statements were false when they were made."[11]

## CONCLUSION

Because there are genuine issues of material fact in dispute, Defendants' Motion for Summary Judgment (Doc. No. 19) as to treble and punitive damages is DENIED.

IT IS SO ORDERED this 13th day of November, 2008.

_____
UNITED STATES DISTRICT JUDGE

---

[10]Exhibit C.

[11]*Id.*